DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6539
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)
Crystal McKellar (CM 6455)

Attorneys for Debtors and
 Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
                                      :
**In re:**                            :
                                      :
**DELTA AIR LINES, INC., et al.,**    :
                                      :
           Debtors.                   :
                                      : **Chapter 11 Case No.**
                                      :
                                      : **05-17923 (PCB)**
------------------------------------- x **(Jointly Administered)**
**DELTA AIR LINES, INC. et al.,**     :
                                      :
           Plaintiffs,                :
     v.                               : **Adv. Pro. No. _____**
                                      :
**DENNIS SMITH, individually and on behalf of** :
**all others similarly situated,**    :
                                      :
           Defendants.                :
------------------------------------- x

**COMPLAINT FOR INJUNCTIVE RELIEF**
**EXTENDING THE AUTOMATIC STAY**

Delta Air Lines, Inc. and those of its subsidiaries that are debtors and debtors in

possession in the above-captioned jointly administered chapter 11 cases ("**Delta**" or the

"**Debtors**"),[1] and plaintiffs in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), hereby allege for their Complaint (the "**Complaint**"), upon personal knowledge as to the Debtors and the Debtors' own acts, and upon information and belief as to all other matters, as follows:

**Nature of the Adversary Proceeding and the Need for Relief**

1. Debtors are seeking injunctive relief in this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7001(7), 7001(9), and 7065, for a judgment enjoining Dennis Smith, individually and on behalf of all others similarly situated (the "**Smith Plaintiffs**") from continued prosecution of their pending action in the United States District Court for the Northern District of Georgia, Honorable Orinda D. Evans presiding, styled *Dennis Smith, individually and on behalf of all others similarly situated v. Delta Air Lines, Inc., Leo F. Mullin, Gerald Grinstein, Benefit Fund Investment Committee, James Broadhead, R. Eugene Cartledge, Mary Johnston Evans, James M. Kilts, Karl J. Krapek, John F. Smith, Jr., Joan E. Spero, Andrew Young, Administrative Committee of Delta Air Lines, Inc., Leon Piper, M. Michelle Burns, Michael J. Palumbo, and James B. Taylor,* Case No. 04-CV-2592 (the "**Smith Action**").

2. The Smith Action alleges, *inter alia*, violations of section 502 of the Employee Retirement Income Security Act ("**ERISA**") by Delta and certain of Delta's

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

current and former officers, directors, and employees (the "**Individual Defendants**"), as well as by the Benefit Fund Investment Committee, a committee that during the Class Period (as defined in the Smith Action) was made up of directors of Delta, and the Administrative Committee of Delta Air Lines, Inc., a committee made up of officers and employees of Delta (collectively, the "**Committee Defendants**").[2]

3. For the reasons set forth below, continued prosecution of the Smith Action will result in an end-run around the protections provided by the automatic stay. Specifically, the Smith Action will interfere with the Debtors' reorganization efforts and diminish the value of their estates. Thus, the Adversary Proceeding seeks to extend the automatic stay and enjoin the Smith Plaintiffs from continuing to prosecute the Smith Action during the pendency of these chapter 11 cases.

## Jurisdiction and Venue

4. This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

5. Venue of the Adversary Proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

---

[2] The Debtors do not concede that the Committee Defendants are proper defendants because the Committee Defendants are merely collections of individual current and former officers and directors of Delta. As such, they are not independent legal entities that can be subjected to liability. Nonetheless, out of an abundance of caution, the Debtors seek a stay of this action as to the Committee Defendants in addition to a stay of this action as to the Individual Defendants.

6. The statutory predicates for the relief requested herein are §§ 362(a)(1), 362(a)(3), 362(a)(6) and 105(a) of the Bankruptcy Code (as defined *infra*), and Fed. R. Bankr. P. 7001 and 7065.

## The Parties

7. The Debtors are the plaintiffs in this Adversary Proceeding.

8. The defendant in the Adversary Proceeding is Dennis Smith, the named plaintiff in the Smith Action, an employee of Delta, and a participant in the Delta Family-Care Savings Plan. Although Debtors believe that the allegations are baseless, if successful, the theory advanced in the Smith Action could result in a significant recovery.

## Factual Background

9. Pursuant to its Certificate of Incorporation, Delta is obligated to indemnify its officers, directors, and employees, to the fullest extent permitted by law, for any recovery, costs, and expenses associated with any lawsuit arising out of their service as officers, directors, and/or employees of Delta.

10. On September 14, 2005, (the "**Petition Date**"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

11. While the Smith Action was automatically stayed with respect to Delta as a result of the Debtors' bankruptcy filing, the Smith Action is not automatically stayed with respect to the Individual Defendants or the Committee Defendants. However, any continuation of the Smith Action during the pendency of these chapter 11 cases threatens to impair the Debtors' assets and disrupt the Debtors' reorganization for at least three reasons:

- the Individual Defendants are entitled to indemnification by the Debtors for recoveries obtained through the Smith Action, creating an identity of interest between the Debtors and the Individual Defendants;[3]

- burdensome discovery requests, collateral estoppel, and respondeat superior liability will compel Debtors to actively participate in defending the Smith Action, and this defense will divert resources and the efforts of employees intimately involved in the Debtors' reorganization from their critical tasks; and

- one of the Individual Defendants, Gerald Grinstein, is intimately involved in the Debtors' reorganization efforts, and should not be distracted from his critical tasks. Individual Defendant John F. Smith is chairman of the board for Delta, and Individual Defendant Karl J. Krapek is a director of Delta.

## COUNT I

### Debtors' Claim for Relief

12. The Debtors repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

13. By this Complaint, the Debtors seek injunctive relief enjoining prosecution of the Smith Action during the pendency of these chapter 11 cases.

---

[3] The individual current and former officers and directors who make up the Committee Defendants are similarly entitled to indemnification.

14. Extension of the stay is warranted in this case because the Individual Defendants are entitled to indemnification by the Debtors, creating an identity of interest between the Debtors and the Individual Defendants. In the unlikely event that the Smith Plaintiffs succeed with their allegations, any resulting judgment would be a judgment against the Debtors' estates. The Smith Action thus threatens to adversely affect and reduce the assets available for distribution to all of the Debtors' other creditors in a forum outside this Court.

15. In addition, even though the Smith Action is automatically stayed with respect to the Debtors, burdensome discovery requests, the threat of collateral estoppel and liability through respondeat superior will compel Debtors to actively participate in defending the Smith Action. This defense will divert the Debtors' resources and personnel from its reorganization, thus detracting from the Debtor's reorganization efforts.

16. Furthermore, the Smith Action, if permitted to continue, would impose significant burdens on the Debtors' Chief Executive Officer, Gerald Grinstein, whose efforts are critical to the Debtors' reorganization, further detracting from the Debtors' reorganization efforts. Individual Defendant John F. Smith is chairman of the board for Delta, and Individual Defendant Karl J. Krapek is a director of Delta.

17. Based on the foregoing, the Debtors seek injunctive relief enjoining further prosecution of the Smith Action during the pendency of these chapter 11 cases.

WHEREFORE, for the above stated reasons, the Debtors respectfully request that this Court enter a judgment:

1. enjoining further prosecution of the Smith Action during the pendency of the Debtors' chapter 11 cases; and

2. granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 21, 2005

By: /s/ Benjamin S. Kaminetzky
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)
Crystal McKellar (CM 6455)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-6539

Attorneys for Debtors and
Debtors in Possession